CHRISTOPHER M. HABASHY, SBN 280725
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
*Email:* *chabashy@bakerlaw.com*

*Attorneys for Defendants*
CWD, LLC dba CENTRIC PARTS; FIRST
BRANDS GROUP, LLC; and BRAKE PARTS LLC
erroneously sued as BRAKE PARTS LLC dba
BRAKE PARTS INC LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BAROCIO, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CWD, LLC dba CENTRIC PARTS, a California limited liability company; FIRST BRANDS GROUP, LLC, a Delaware limited liability company; BRAKE PARTS LLC dba BRAKE PARTS INC LLC, a Delaware limited liability company; and DOES 1-99, inclusive;<br><br>Defendants. | Case No.: 2:23-cv-924<br><br>*[Los Angeles County Superior Court Case No. 22STCV39657]*<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>*[Filed concurrently with Civil Cover Sheet; Declaration of Matthew Liebson; and Notice of Interested Parties]*<br><br>Action Filed:  December 16, 2022 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants CWD, LLC dba CENTRIC PARTS ("CWD"), FIRST BRANDS GROUP, LLC ("First Brands") and BRAKE PARTS LLC erroneously sued as BRAKE PARTS LLC dba BRAKE PARTS INC LLC ("Brake Parts") (collectively "Defendants") remove the action filed by MANUEL BAROCIO ("Plaintiff") in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Manuel Barocio v. CWD, LLC dba CENTRIC PARTS, et al.,* Case No. 22STCV39657, to the United States District Court for the Central District of California.

## JURISDICTION AND VENUE

1.     This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

2.     This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Specifically, the United States District Court for the Central District of California embraces Los Angeles County, California, which is the location of the state court in which Plaintiff brought this case and where it is pending.  Thus, this Court is the proper district court to which this case has been removed.  28 U.S.C. §§ 1441(b) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

3.     December 21, 2022, Plaintiff filed a civil action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Manuel Barocio v. CWD, LLC dba CENTRIC PARTS, et al.,* Case No. 22STCV39657 (the "State Court Action").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

4.     On or about January 9, 2023, Plaintiff served Defendants with copies of the Summons, Complaint and related State Court documents.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint served upon Defendants is attached to this Notice of Removal as **Exhibit A**.  True and correct copies of all additional process, pleadings, and orders served upon Defendant are attached as **Exhibit B**.

5.     Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendants filed this Notice of Removal within 30 days of receipt of a copy of the Summons and Complaint in the State Court Action.

6.     CWD and Brake Parts filed and served their Answer in the State Court Action on February 7, 2023.  A true and correct conformed copy of their Answer is attached as **Exhibit C**.  First Brands never employed Plaintiff (See Declaration of Matthew Liebson "Liebson Decl." ¶ 4,) and will file a motion to dismiss.

## DIVERSITY OF CITIZENSHIP

7.     Plaintiff's Citizenship.  As alleged in Plaintiff's Complaint, at all relevant times, Plaintiff was employed in the City of Industry, California.  [See Plaintiff's Complaint, attached as Exhibit A, ("Complaint") ¶¶ 7, 11-12].  Additionally, Plaintiff provided CWD with a California address when filling out his application and requested tax forms.  [See Liebson Decl. ¶ 5.]

8.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is presumed to be a person's domicile in the absence of contrary evidence.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284 at *4 (C.D. Cal. Nov. 4, 2016).  Courts treat a person's residence as prima facie evidence of domicile.  *See, e.g., District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Barbosa v. Transport Drivers, Inc.*, 2015 WL 9272828 at *2 (C.D. Cal. Dec. 18, 2015).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

9.    Accordingly, because Plaintiff, by his own admission, was employed at all relevant times within California, all his requested tax forms and application included a California address, and because there is no evidence that would indicate that Plaintiff's domicile is any state other than California, Plaintiff must be considered a citizen of California.

10.    Defendants' Citizenship.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters."  *Id.*

11.    For diversity jurisdiction purposes, the citizenship of a limited liability company is the citizenship of its members.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  CWD, LLC dba Centric Parts, Brake Parts LLC and First Brands Group, LLC are all limited liability companies whose parents, members and owners are comprised of citizens of Ohio and Delaware. [Liebson Decl. ¶ ¶ 2-3.]

12.    Doe Defendants.  Although Plaintiff has also named fictitious defendants, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

13.    Complete diversity of citizenship exists under 28 U.S.C. §§ 1332 because Plaintiff is a citizen of the State of California and Defendants are citizens of Delaware and Ohio.

**AMOUNT IN CONTROVERSY**

14.    A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs, even when the plaintiff fails to set forth any specific damage amount. *See, e.g., Cohn v. PetsMart, Inc.,* 281 F.3d 837, 839-40 (9th Cir. 2002).

15.    A removing defendant must only establish, according to the lenient preponderance of the evidence standard, that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1446(c)(2)(B). "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

16.    Plaintiff's Complaint asserts the following seven causes of action against Defendant: (1) Whistleblower Retaliation in Violation of § 1102.5, (2) FEHA Discrimination, (3) FEHA Retaliation, (4) Failure to Prevent Discrimination or Retaliation, (5) Wrongful Discharge in Violation of Public Policy, and (6) Failure to Provide Employment Records Upon Demand.

17.    Without conceding that Plaintiff is entitled to or could recover damages in the amount or manner alleged, or at all, the amount placed in controversy by Plaintiff's claims conservatively exceeds $75,000, exclusive of interest and costs.

a.    Lost Wages. Plaintiff seeks "$1,000,000 in compensatory damages or in amount according to proof at time of trial." (Ex. A, Prayer ¶ 1). A claim for lost wages may consist of a back pay and front pay component. Plaintiff alleges that he was terminated on May 13, 2022. (Complaint, ¶ 32). At the time of his termination, Plaintiff was earning $18.15 an hour. [Liebson Decl. ¶ 6.] Assuming a trial date of February 7, 2024 (one year from the filing of this Notice of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

Removal), Plaintiff's back pay from the date of his termination through trial would total approximately **$66,066**. Though no trial date has been set, courts have often found that one year from the date of removal is a "conservative estimate of the trial date" in employment cases. *See, e.g.*, *Fisher v. HNTB Corp.*, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018).

18.    Courts have also found that a three-year front pay award is reasonable to employees who experienced unlawful discrimination. *See, e.g. Glenn-Davis v. City of Oakland*, 2008 WL 410239 at *4 (N.D. Cal. Feb. 12, 2008). The estimated amount in controversy for Plaintiff's front pay claim, for purposes of this analysis only, proceeding from a conservative assumption that a court would award one year of front pay, would total approximately **$37,752**.

b.    Emotional Distress Damages. Plaintiff seeks damages for past and future emotional distress. (Ex. A, Prayer ¶ 7). Emotional distress damages are considered in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Plaintiff does not specify an amount for such damages, but for purposes of this analysis only, Defendants conservatively estimate past and future emotional distress damages at **$25,000**. The $25,000 assigned to Plaintiff's claim for emotional distress damages is reasonable in light of the value California juries have awarded for emotional distress damages in cases involving claims for wrongful termination. In *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles County Sup. Ct. July 19, 2013), for example, a jury awarded the plaintiff $151,333 for past and future emotional distress on claims for age discrimination and harassment, failure to prevent discrimination and harassment and wrongful termination.

c.    Attorneys' Fees. Plaintiff also seeks attorneys' fees (Ex. A, Prayer, ¶ 2). When the underlying substantive law provides for an award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-418 (9th Cir. 2018) (the amount-in-controversy incorporates "all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails," including attorneys' fees). Defendants conservatively estimates that, through trial, Plaintiff's attorneys' fees would be in excess of **$50,000**.

d.   Total Amount in Controversy. As detailed above, without conceding that Plaintiff is entitled to or could recover damages in the amount or manner alleged, or at all, the amount-in-controversy exceeds $75,000, exclusive of costs and interest. The above-specified amounts are at least equal to $178,818, even when ignoring Plaintiff's claims for punitive damages and lost employment benefits, which must also be factored into the amount-in-controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). The table below summarizes the amounts in controversy for the relevant claims:

| | |
|---|---|
| Back Pay Damages | $66,066 |
| Front Pay Damages | $37,752 |
| Emotional Distress | $25,000 |
| Attorneys' Fees Through Trial | $50,000 |
| Total Sum | $178,818 |

19.   Plaintiff's claims collectively make it facially plain that Plaintiff is seeking far more than the minimum amount of $75,000, exclusive of costs and interest, needed to meet the amount-in-controversy requirement. *See, e.g. Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (finding, by preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages,

- 6 -

benefits, 401(k) contributions, value of life insurance policies, stock options, emotional distress damages, and attorney's fees and costs).

NOTICE OF INTERESTED PARTIES

20.    Pursuant to Federal Rule of Civil Procedure 7.1, Defendants are filing a Disclosure Statement concurrently with this Notice of Removal.

NOTICE

21.    As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

Respectfully submitted,

Dated:  February 7, 2023          **BAKER & HOSTETLER LLP**

By:    */s/Christopher M. Habashy*
       Christopher M. Habashy

*Attorneys for Defendants*
CWD, LLC dba CENTRIC PARTS; FIRST
BRANDS GROUP, LLC; and BRAKE
PARTS LLC erroneously sued as BRAKE
PARTS LLC dba BRAKE PARTS INC LLC

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## **PROOF OF SERVICE**

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA  90025-0509.  On February 7, 2023, I served a copy of the within document(s): **DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **FEDERAL EXPRESS,** and causing the envelope to be delivered to an agent for delivery on the next business day.

☐  by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date and the transmission was reported as complete and without error.

☐  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Alan Romero, Esq.
Robert S. Myong, Esq.
Jessica Flores, Esq.
**ROMERO LAW, APC**
251 S. Lake Avenue, Suite 930
Pasadena, CA 91101-4873
Tel: 626.396.9900
Fax: 626.396.9990
*ajr@romerolaw.com*
*rsm@romerolaw.com*
*jrf@romerolaw.com*

*Attorneys for Plaintiff*
MANUEL BAROCIO

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on February 7, 2023, at Los Angeles, California.

_____
*/s/ Hien Tran*
Hien Tran

4872-7517-0893

- 1 -