# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/24/2022 11:13 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Galicia, Deputy Clerk
22STCV39657

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Yolanda Orozco

Alan Romero (SBN 249000)
Robert S. Myong (SBN 262097)
Jessica Flores (SBN 282669)
ROMERO LAW, APC
251 S. Lake Avenue, Suite 930
Pasadena, CA 91101-4873
Tel: 626.396.9900 / Fax: 626.396.9990
Email: ajr@romerolaw.com, rsm@romerolaw.com,
and jrf@romerolaw.com

Attorneys for Plaintiff
MANUEL BAROCIO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| MANUEL BAROCIO, an individual;<br><br>    Plaintiff,<br><br>v.<br><br>CWD, LLC dba CENTRIC PARTS, a California limited liability company; FIRST BRANDS GROUP, LLC, a Delaware limited liability company; BRAKE PARTS LLC dba BRAKE PARTS INC LLC, a Delaware limited liability company; and DOES 1-99, inclusive;<br><br>    Defendants. | Case No.:  22STCV39657<br><br>**UNLIMITED COMPLAINT FOR DAMAGES**<br><br>1) LAB. CODE § 1102.5 RETALIATION<br>2) FEHA DISCRIMINATION<br>3) FEHA RETALIATION<br>4) FEHA FAILURE TO PREVENT DISCRIMINATION OR RETALIATION<br>5) WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY<br>6) FAILURE TO PROVIDE EMPLOYMENT RECORDS UPON DEMAND<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMES NOW THE** plaintiff MANUEL BAROCIO, who heretofore alleges the following

facts in support of this Unlimited Complaint for Damages and hereby respectfully demands *a speedy*

*jury trial* on all causes of action stated herein as against CWD, LLC, dba CENTRIC PARTS, FIRST

BRANDS GROUP, LLC, BRAKE PARTS LLC dba BRAKE PARTS INC LLC, who along with

DOES 1-99, inclusive, are referred to herein as the "Defendants."

//

//

//

**1**

UNLIMITED COMPLAINT FOR DAMAGES

**CASE SYNOPSIS**

1.     Plaintiff is and was over 40 years of age.

2.     Plaintiff is of Mexican descent.

3.     Around <u>October 2021</u>, Defendants hired 150 new employees, mostly Venezuelan between 20 and 30 years of age.

4.     In early 2022, Plaintiff learned that Defendants were moving to a new location.

5.     The company offered to relocate the younger, Venezuelan employees, but did not offer to relocate and retain Plaintiff and other workers over 40 years of age and/or non-Venezuelans.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**Jurisdiction and Venue**

6.     This Court has jurisdiction of the subject matter of Plaintiff's claims. Jurisdiction is proper in this Court because the damages and claims alleged and demanded herein by Plaintiff exceeds <u>$25,000</u>, and Plaintiff herein does make a demand and prayer for damages, in excess, of the jurisdictional limit of this Court.

7.     This Court has personal jurisdiction over defendant CWD, LLC, dba CENTRIC PARTS in that it was, at all relevant periods of time covered by this complaint, a California limited liability company maintaining a place of business where it employed Plaintiff in City of Industry, California.

8.     This Court has personal jurisdiction over defendant FIRST BRANDS GROUP, LLC in that it was, at all relevant periods of time covered by this complaint, a Delaware limited liability company maintaining a place of business where it employed Plaintiff in City of Industry, California.

9.     This Court has personal jurisdiction over defendant BRAKE PARTS LLC dba BRAKE PARTS INC LLC in that it was, at all relevant periods of time covered by this complaint, a Delaware limited liability company maintaining a place of business where it employed Plaintiff in City of Industry, California.

10.     Venue in this Court is proper in that, upon information and belief, all Defendants reside in the County of Los Angeles.

**2**

**UNLIMITED COMPLAINT FOR DAMAGES**

11.     All the harm suffered by Plaintiff took place within this judicial district.

12.     Plaintiff was an employee of Defendants, jointly and severally.

**Relationship Between the Defendants**

13.     Plaintiff is informed and believes, and thereupon alleges, that at all relevant times mentioned herein, Defendants, and each of them, including DOES 1-99, were the agents, servants, and employees of each other, or otherwise were acting with the full knowledge and consent of each other.  Plaintiff is further informed and believes, and upon such basis and belief alleges, that in engaging in all of the actions alleged in this complaint, Defendants, and each of them, were acting within the scope and authority of their agency, servitude, or employment, and were acting with the express and/or implied knowledge, permission and consent of one another. Plaintiff is further informed and believes, and upon such basis and belief alleges, that Defendants learned of, ratified, and/or approved the wrongful conduct of its agents and/or employees identified in this Complaint as having engaged in wrongful conduct.

14.     Plaintiff is informed and believes, and thereupon alleges, that at all relevant times, Defendants, and each of them, including DOES 1-99, were business entities or individuals who owned, controlled, or managed the business which has damaged Plaintiff, and are each therefore jointly, severally, and individually liable to Plaintiff.

15.     Plaintiff is informed and believes, and thereupon alleges, that at all relevant times, Defendants, and each of them, including DOES 1-99, were in some fashion, by contract or otherwise, the successor, assignor, indemnitor, guarantor, or third-party beneficiary of one or more of the remaining Defendants, and at all relevant times to Plaintiff's claims alleged herein, were acting within that capacity. Plaintiff further alleges that Defendants, and each of them, assumed the liabilities of the other Defendants, by virtue of the fact that each to some degree, wrongfully received and/or wrongfully benefited from the flow of assets from the other Defendants, to the detriment of Plaintiff. Plaintiff further alleges that by wrongfully receiving and/or benefiting from Defendants' assets, and in the consummation of such transactions, a *de facto* merger of the Defendants, and each of them, resulted, such that Defendants, and each of them, may be treated as one for purposes of this Complaint.

**3**

**UNLIMITED COMPLAINT FOR DAMAGES**

16.    Plaintiff is informed and believes, and thereupon alleges, that at all relevant times mentioned herein, Defendants, and each of them, including DOES 1-99, were the partners, agents, servants, employees, joint venturers, or co-conspirators of each other defendant or otherwise were acting with the full knowledge and consent of each other defendant. Plaintiff is further informed and believes, and upon such basis and belief alleges, that in engaging in all of the actions alleged in this complaint, Defendants, and each of them, including DOES 1-99, were acting within the course, scope, and authority of such partnership, agency, servitude, employment, joint venture, or conspiracy, and were acting with the express and/or implied knowledge, permission and consent of one another and that each defendant, directly or indirectly, learned of, authorized, ratified, and/or approved the acts of the remaining Defendants, and each of them.

## Continuing Violations Doctrine Applicable

17.    Plaintiff is informed and believes, and thereupon alleges that the allegations in this complaint were part and parcel of continuing violations by Defendants, and therefore none of these bad acts are time-barred given the applicability of the continuing violations doctrine.

## Defendant's Sham Investigation as Demonstrative of Actual Malice

18.    Defendant engaged in one or more investigations of Plaintiff's allegations as set forth herein and as relayed to Plaintiff's superiors. However, the investigations constituted a purposeful avoidance of truth, inaction, and failure to investigate which was a product of a deliberate decision not to acquire knowledge of facts that would confirm Plaintiff's allegations.

19.    The failure to meaningfully investigate Plaintiff's complaints establishes pretext, because an inadequate investigation is evidence of pretext. The lack of a rigorous investigation by Defendants is evidence suggesting that Defendant did not value the discovery of the truth so much as a way to cover up the illegality that was the subject of Plaintiff's complaints.

20.    Further, the failure to react promptly to Plaintiff's complaint, or to reprimand the wrongdoers strongly, is evidence relevant to determine whether the employer took sufficient remedial action. Defendants' failure to timely interview the material witnesses is evidence of inadequate remedial action, as Defendant made little or no attempt to investigate Plaintiff's version of events.

**UNLIMITED COMPLAINT FOR DAMAGES**

## Satisfaction of Prelawsuit Requirements

21.    Plaintiff timely obtained a Right-to-Sue Letter from the Department of Fair Employment and Housing on <u>December 21, 2022</u>. A true and correct copy of this letter is attached hereto as "**EXHIBIT 1**".

## Factual Allegations

22.    At all times relevant herein, Plaintiff was over 40 years of age.

23.    Around <u>August 6, 2001</u>, Defendants hired Plaintiff as a labor puller.

24.    In or around <u>September 2021</u>, Defendants demoted Plaintiff from a lead to a regular employee and replaced Plaintiff with an employee who was approximately 30 years old.

25.    Around <u>October 2021</u>, Defendants hired 150 new employees. Almost all of the new hires identified as Venezuelan and were between 20 and 30 years of age. The new hires received paid hotels and money for food. Plaintiff did not.

26.    Around <u>January 2022</u>, Plaintiff and other employees learned that the new employees were being paid more than the current employees. Plaintiff and other employees protested against the wage discrimination.

27.    Around <u>March 2022</u>, Plaintiff learned that Defendants would be changing locations. Defendants offered a $10,000 relocation bonus to new employees, food stipends and gas stipends. Plaintiff offered to relocate to continue working with the company. However, his supervisor denied his request.

28.    Plaintiff learned that only the new Venezuelan and/or employees between 20 and 30 years of age were offered positions at the new location.

29.    Plaintiff also observed that the new Venezuelan and/or younger employees were given easier tasks while older employees were assigned more labor intensive tasks.

30.    Plaintiff also observed that the new Venezuelan and/or younger employees were assigned to work overtime while Plaintiff's overtime hours were reduced.

31.    Plaintiff complained to his supervisor about the discrimination.

32.    Around <u>May 13, 2022</u>, Plaintiff was wrongfully discharged.

//

**5**

**UNLIMITED COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### UNLAWFUL RETALIATION

### Lab. Code § 1102.5

### (Against All Defendants)

33.     Plaintiff realleges, and incorporates herein by reference, each and every allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein.  Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

34.     Defendants were employers for purposes of California law.

35.     Plaintiff disclosed information to an employee with authority to investigate, discover, or correct legal violations or noncompliance with a local, state, or federal rule or regulation.

36.     Plaintiff had reasonable cause to believe the information disclosed a violation of, or noncompliance with, a local, state, or federal rule or regulation.

37.     Defendants subjected Plaintiff to one or more of the following adverse employment actions: denied any employment benefit or privilege; denied equal pay; denied hire; denied transfer; denied work opportunities or assignments; laid off; terminated.

38.     Plaintiff's disclosure of information or refusal to participate in an unlawful act was a contributing factor in these defendants' decision to take one or more of the aforementioned adverse employment actions against Plaintiff.

39.     Plaintiff was harmed.

40.     These defendants' conduct was a substantial factor in causing Plaintiff's harm.

41.     In doing the things herein alleged, the acts and conduct of these defendants constituted "malice," "oppression" and/or "fraud" (as those terms are defined by Civ. Code § 3294(c)), in that these acts were intended by these defendants to cause injury to Plaintiff and/or constituted despicable conduct carried on by these defendants with willful and conscious disregard of the rights of Plaintiff, with the intention of these defendants to deprive Plaintiff of property and legal rights, and were authorized or approved by these defendants, justifying an award of exemplary

**6**

**UNLIMITED COMPLAINT FOR DAMAGES**

1   and punitive damages in an amount according to proof, in order to deter these defendants from

2   similar conduct in the future, should be made.

3   **SECOND CAUSE OF ACTION**

4   **FEHA DISCRIMINATION: DISPARATE TREATMENT**

5   **Gov. Code § 12940(a)**

6   **(Against Entity Defendants Only)**

7       42.     Plaintiff realleges, and incorporates herein by reference, each and every allegation

8   contained in the foregoing paragraphs, inclusive, as though fully set forth herein.  Further, all

9   allegations set forth in this cause of action are pled upon information and belief, unless otherwise

10  stated.

11      43.     These defendants were employers with more than five employees or another entity

12  subject to the FEHA.

13      44.     Plaintiff was an employee of these defendants.

14      45.     These defendants subjected Plaintiff to one or more of the following adverse

15  employment actions: denied any employment benefit or privilege; denied equal pay; denied hire;

16  denied transfer; denied work opportunities or assignments; laid off; terminated.

17      46.     One or more of the following protected statuses applicable to Plaintiff were a

18  substantial motivating reason for these defendants to subject Plaintiff to one or more of the

19  aforementioned adverse employment action: age (40 and over); ancestry; national origin.

20      47.     Plaintiff was harmed.

21      48.     These defendants' conduct was a substantial factor in causing Plaintiff's harm.

22      49.     In doing the things herein alleged, the acts and conduct of these defendants

23  constituted "malice," "oppression" and/or "fraud" (as those terms are defined by Civ. Code §

24  3294(c)), in that these acts were intended by these defendants to cause injury to Plaintiff and/or

25  constituted despicable conduct carried on by these defendants with willful and conscious disregard

26  of the rights of Plaintiff, with the intention of these defendants to deprive Plaintiff of property and

27  legal rights, and were authorized or approved by these defendants, justifying an award of exemplary

28

7

**UNLIMITED COMPLAINT FOR DAMAGES**

1  and punitive damages in an amount according to proof, in order to deter these defendants from

2  similar conduct in the future, should be made.

### THIRD CAUSE OF ACTION

#### FEHA RETALIATION

#### Gov. Code § 12940(h)

#### (Against Entity Defendants Only)

7    50.    Plaintiff realleges, and incorporates herein by reference, each and every allegation

8  contained in the foregoing paragraphs, inclusive, as though fully set forth herein.  Further, all

9  allegations set forth in this cause of action are pled upon information and belief, unless otherwise

10  stated.

11    51.    These defendants were employers with more than five employees or another entity

12  subject to the FEHA.

13    52.    Plaintiff was an employee of these defendants.

14    53.    Plaintiff engaged in one or more of the following protected acts: participated as a

15  witness in a discrimination complaint; reported or resisted any form of discrimination.

16    54.    These defendants took one or more of the following adverse employment actions

17  against Plaintiff: denied any employment benefit or privilege; denied equal pay; denied hire; denied

18  transfer; denied work opportunities or assignments; laid off; terminated.

19    55.    Plaintiff having engaged in one or more of the aforementioned protected acts was a

20  substantial motivating reason for these defendants' decision to subject Plaintiff to one or more of

21  the above adverse employment actions.

22    56.    Plaintiff was harmed.

23    57.    These defendants' decision to subject Plaintiff to one or more of these adverse

24  employment actions was a substantial factor in causing Plaintiff's harm.

25    58.    In doing the things herein alleged, the acts and conduct of these defendants

26  constituted "malice," "oppression" and/or "fraud" (as those terms are defined by Civ. Code §

27  3294(c)), in that these acts were intended by these defendants to cause injury to Plaintiff and/or

28  constituted despicable conduct carried on by these defendants with willful and conscious disregard

**UNLIMITED COMPLAINT FOR DAMAGES**

1   of the rights of Plaintiff, with the intention of these defendants to deprive Plaintiff of property and

2   legal rights, and were authorized or approved by these defendants, justifying an award of exemplary

3   and punitive damages in an amount according to proof, in order to deter these defendants from

4   similar conduct in the future, should be made.

5                              **FOURTH CAUSE OF ACTION**

6          **FEHA FAILURE TO PREVENT DISCRIMINATION OR RETALIATION**

7                               **Gov. Code § 12940(k)**

8                            **(Against Entity Defendants Only)**

9          59.     Plaintiff realleges, and incorporates herein by reference, each and every allegation

10  contained in the foregoing paragraphs, inclusive, as though fully set forth herein.   Further, all

11  allegations set forth in this cause of action are pled upon information and belief, unless otherwise

12  stated.

13         60.     These defendants were employers with more than five employees or another entity

14  subject to the FEHA.

15         61.     Plaintiff was an employee of these defendants.

16         62.     Plaintiff was subjected to discrimination or retaliation in the course of employment.

17         63.     These defendants failed to take all reasonable steps to prevent the discrimination or

18  retaliation.

19         64.     Plaintiff was harmed.

20         65.     These defendants' failure to take all reasonable steps to prevent discrimination or

21  retaliation was a substantial factor in causing Plaintiff's harm.

22         66.     In doing the things herein alleged, the acts and conduct of these defendants

23  constituted "malice," "oppression" and/or "fraud" (as those terms are defined by Civ. Code §

24  3294(c)), in that these acts were intended by these defendants to cause injury to Plaintiff and/or

25  constituted despicable conduct carried on by these defendants with willful and conscious disregard

26  of the rights of Plaintiff, with the intention of these defendants to deprive Plaintiff of property and

27  legal rights, and were authorized or approved by these defendants, justifying an award of exemplary

28

**9**

**UNLIMITED COMPLAINT FOR DAMAGES**

1    and punitive damages in an amount according to proof, in order to deter these defendants from

2    similar conduct in the future, should be made.

3    **FIFTH CAUSE OF ACTION**

4    **WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

5    **(Against Entity Defendants Only)**

6        67.    Plaintiff realleges, and incorporates herein by reference, each and every allegation

7    contained in the foregoing paragraphs, inclusive, as though fully set forth herein.  Further, all

8    allegations set forth in this cause of action are pled upon information and belief, unless otherwise

9    stated.

10        68.    Plaintiff was employed by these defendants.

11        69.    These defendants discharged Plaintiff.

12        70.    One or more of the following violations of public policy was a substantial motivating

13    reason for Plaintiff's discharge.  This violation of, or noncompliance with, a local, state, or federal

14    rule or regulation that Plaintiff brought to the attention of Plaintiff's employer was one or more of

15    the following: FEHA, Labor Code, Title VII of the Civil Rights Act of 1964.

16        71.    Plaintiff was harmed.

17        72.    The discharge was a substantial factor in causing Plaintiff's harm.

18        73.    In doing the things herein alleged, the acts and conduct of these defendants

19    constituted "malice," "oppression" and/or "fraud" (as those terms are defined by Civ. Code §

20    3294(c)), in that these acts were intended by these defendants to cause injury to Plaintiff and/or

21    constituted despicable conduct carried on by these defendants with willful and conscious disregard

22    of the rights of Plaintiff, with the intention of these defendants to deprive Plaintiff of property and

23    legal rights, and were authorized or approved by these defendants, justifying an award of exemplary

24    and punitive damages in an amount according to proof, in order to deter these defendants from

25    similar conduct in the future, should be made.

26    //

27    //

28

**10**

**UNLIMITED COMPLAINT FOR DAMAGES**

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE EMPLOYMENT RECORDS UPON DEMAND

### Lab. Code § 1198.5

### (Against Entity Defendants Only)

74.     Plaintiff realleges, and incorporates herein by reference, each and every allegation contained in the foregoing paragraphs, inclusive, as though fully set forth herein.  Further, all allegations set forth in this cause of action are pled upon information and belief, unless otherwise stated.

75.     Plaintiff was an employee of these defendants.

76.     Plaintiff, by and through Plaintiff's attorneys of record, made a written demand upon these defendants that they make the contents of Plaintiff's personnel records available for inspection or copying no later than 30 calendar days from the date of the written demand.

77.     More than 30 calendar days passed after the date of the written demand by Plaintiff to these defendants for Plaintiff's personnel records, and no such records were made available for inspection or copying by Plaintiff or Plaintiff's representatives.

78.     Plaintiff did not excuse the timely production of these personnel records, nor were these defendants otherwise excused from production of same pursuant to the terms of Lab. Code § 1198.5.

79.     These defendants are therefore liable to Plaintiff for a penalty of $750 pursuant to Lab. Code § 1198.5(k) and attorney's fees and costs of suit pursuant to Lab. Code § 1198.5(l).

//

//

**UNLIMITED COMPLAINT FOR DAMAGES**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as against Defendants, jointly and severally, as follows, for:

1) $1,000,000.00 in compensatory damages or in an amount according to proof at time of trial.

2) Attorney's fees and costs pursuant to all applicable statutes.

3) $10,000,000.00 in punitive, or exemplary damages pursuant to Civ. Code § 3294.

4) Costs of suit incurred.

5) Statutory penalties according to proof at time of trial.

6) Prejudgment interest on all amounts claimed pursuant to Civ. Code §§ 3287-3288, and/or any other applicable provision of law providing for prejudgment interest.

7) All other general, specific, direct, indirect, consequential, and incidental damages, in an amount according to proof at time of trial.

8) Such other and further relief as the Court may deem proper.

ROMERO LAW, APC

DATED:  December 21, 2022          By: _____

Alan Romero
Robert S. Myong
Jessica Flores
**Attorneys for Plaintiff
MANUEL BAROCIO**

//

//

**12**

**UNLIMITED COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes demand for Jury Trial.

ROMERO LAW, APC

DATED:  December 21, 2022          By: _____

Alan Romero
Robert S. Myong
Jessica Flores
Attorneys for Plaintiff
MANUEL BAROCIO

**13**

UNLIMITED COMPLAINT FOR DAMAGES

**EXHIBIT 1**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                           KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 21, 2022

Alan Romero
251 S. Lake Avenue, Suite 930
Pasadena, CA 91101

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202212-19200821
       Right to Sue: Barocio / CWD, LLC dba CENTRIC PARTS et al.

Dear Alan Romero:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 12/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 21, 2022

RE:    **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202212-19200821
       Right to Sue: Barocio / CWD, LLC dba CENTRIC PARTS et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 12/22)



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 21, 2022

Manuel Barocio
251 S. Lake Avenue, Suite 930
Pasadena, CA 91101

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202212-19200821
       Right to Sue: Barocio / CWD, LLC dba CENTRIC PARTS et al.

Dear Manuel Barocio:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 21, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
# BEFORE THE STATE OF CALIFORNIA
## Civil Rights Department
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Manuel Barocio

CRD No. 202212-19200821

Complainant,

vs.

CWD, LLC dba CENTRIC PARTS
809 Echelon Court
City of Industry, CA 91744

FIRST BRANDS GROUP, LLC
3255 W Hamlin Rd
Rochester,, MI 48309

BRAKE PARTS LLC dba BRAKE PARTS INC LLC
4400 PRIME PARKWAY
MCHENRY, IL 60050

Respondents

---

**1.** Respondent **CWD, LLC dba CENTRIC PARTS** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **FIRST BRANDS GROUP, LLC** business as Co-Respondent(s). Complainant is naming **BRAKE PARTS LLC dba BRAKE PARTS INC LLC** business as Co-Respondent(s).

**3.** Complainant **Manuel Barocio**, resides in the City of **Pasadena**, State of **CA.**

**4.** Complainant alleges that on or about **May 13, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's ancestry, national origin (includes language restrictions), age (40 and over) and as a result of the discrimination was terminated, laid off, denied hire or promotion, denied equal pay, denied

-1-

*Complaint – CRD No. 202212-19200821*

Date Filed: December 21, 2022

CRD-ENF 80 RS (Revised 12/22)

1  any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer.

2

3  **Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was terminated, laid off, denied hire or promotion, denied equal

4  pay, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer.

5

6  **Additional Complaint Details:** At all times relevant herein, Plaintiff was over 40 years of age. Around August 6, 2001, Defendants hired Plaintiff as a labor puller. In or around

7  September 2021, Defendants demoted Plaintiff from a lead to a regular employee and replaced Plaintiff with an employee who was approximately 30 years old. Around October

8  2021, Defendants hired 150 new employees.  Almost all of the new hires identified as Venezuelan and were between 20 and 30 years of age.  The new hires received paid hotels

9  and money for food.  Plaintiff did not. Around January 2022, Plaintiff and other employees learned that the new employees were being paid more than the current employees.  Plaintiff

10  and other employees protested against the wage discrimination. Around March 2022, Plaintiff learned that Defendants would be changing locations.  Defendants offered a

11  $10,000 relocation bonus to new employees, food stipends and gas stipends.  Plaintiff

12  offered to relocate to continue working with the company.  However, his supervisor denied his request. Plaintiff learned that only the new Venezuelan and/or employees between 20

13  and 30 years of age were offered positions at the new location. Plaintiff also observed that the new Venezuelan and/or younger employees were given easier tasks while older

14  employees were assigned more labor intensive tasks. Plaintiff also observed that the new

15  Venezuelan and/or younger employees were assigned to work overtime while Plaintiff's overtime hours were reduced. Plaintiff complained to his supervisor about the discrimination.

16  Around May 13, 2022, Plaintiff was wrongfully discharged.

17

18

19

20

21

22

23

24

25

26

27

28

-2-<br>
Complaint – CRD No. 202212-19200821

Date Filed: December 21, 2022

CRD-ENF 80 RS (Revised 12/22)

1  VERIFICATION

2  I, **Alan Romero**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On December 21, 2022, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                    **Pasadena, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -3-
                              *Complaint – CRD No. 202212-19200821*
27
   Date Filed: December 21, 2022
28
                                                    CRD-ENF 80 RS (Revised 12/22)